UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANGELA BIRCHARD NICHOLSON and KIRK KENNEDY JOHNSON | CIVIL ACTION NO. 6:12-cv-00345 |
| VERSUS | JUDGE DOHERTY |
| NORTHLAND INSURANCE CO., ET AL. | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

This matter was removed from state court by defendants William H. Martin and Northland Insurance Company, with the consent of defendant USAA-Casualty Insurance Company. The defendants contend that this Court has jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.

Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[1] The person seeking to invoke federal court jurisdiction has the burden of proof of demonstrating, at the outset of the litigation,

---

[1] 28 U.S.C.A. § 1332.

that the federal court has authority to hear the case.[2]  Therefore, the removing party bears the burden of showing that federal jurisdiction exists.[3]

The defendants contend that the parties are diverse in citizenship.  In their petition, the plaintiffs allege that they are Louisiana citizens.  In the removal notice, the defendants state that Northland is a corporation that was organized under the laws of Minnesota and has its principal place of business in Minnesota; that USAA is a corporation that was organized under the laws of Texas and has its principal place of business in Texas; and that Mr. Martin is a Texas citizen.  Accordingly, the undersigned finds that the plaintiffs are diverse in citizenship from the defendants.

The undersigned is unable, however, to determine whether the jurisdictional threshold has been satisfied with regard to the amount in controversy.  In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in its petition, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[4]  To satisfy that burden, the party must either (1) demonstrate that it is facially apparent

---

[2]  *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

[3]  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

[4]  *St. Paul Reinsurance*, 134 F.3d at 1253.

that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[5]

In this case, the plaintiff did not seek a determinate amount of damages in its state court petition and did not request trial by jury. The undersigned also concludes that the jurisdictional amount is not otherwise "facially apparent" from the complaint because the facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement. In particular, the undersigned notes that the true nature and severity of the plaintiffs' injuries cannot be determined from the face of the petition, the injuries allegedly sustained by the two plaintiffs cannot be distinguished, and no amount of medical expenses has been alleged. Furthermore, the undersigned notes that "plaintiffs who join together in a lawsuit generally cannot aggregate their damages to meet the jurisdictional minimum. However, if one plaintiff alone satisfies the jurisdictional minimum, then federal courts can exercise supplemental jurisdiction over the claims of co-plaintiffs who fail to satisfy the jurisdictional amount."[6]

---

[5] *St. Paul Reinsurance*, 134 F.3d at 1253.

[6] *Earl v. Myers*, No. 10-1885, 2010 WL 4875656, at *2 (E.D. La. Nov. 23, 2010), citing 28 U.S.C.A. § 1367(a) and *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

IT IS THEREFORE ORDERED that, not later than twenty-one days after the date of this order, the removing parties shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum, supporting those facts with summary-judgment-type evidence. The plaintiff will then be allowed seven days to respond to the defendants' memorandum.

Signed at Lafayette, Louisiana, this 15th day of March 2012.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)