UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANGELA BIRCHARD NICHOLSON and KIRK KENNEDY JOHNSON | CIVIL ACTION NO. 6:12-cv-00345 |
| VERSUS | JUDGE DOHERTY |
| NORTHLAND INSURANCE CO., ET AL. | MAGISTRATE JUDGE HANNA |

## JURISDICTIONAL REVIEW

This matter was removed from state court by defendants William H. Martin and Northland Insurance Company, with the consent of defendant USAA-Casualty Insurance Company. (Rec. Doc. 1). The defendants contend that this Court has jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.

The undersigned reviewed the pleadings and found that the plaintiffs are diverse in citizenship from the defendants but also found that it was not facially apparent that the amount in controversy exceeds the jurisdictional threshold. (Rec. Doc. 6 at 2). Because the party invoking federal court jurisdiction has the burden of proving, at the outset of the litigation, that the federal court has authority to hear the case,[1] the removing defendants in this case must bear the burden of showing that

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

federal jurisdiction exists.[2] Therefore, the undersigned ordered the defendants to file a memorandum setting forth specific facts supporting a finding that the amount in controversy is sufficient and to support those facts with summary-judgment-type evidence. (Rec. Doc. 6 at 4).

The defendants complied with the order. (Rec. Doc. 7). Despite having an opportunity to do so, the plaintiffs did not respond withing the allotted time.

In their memorandum, the defendants established that plaintiff Angela Nicholson has undergone an anterior cervical discectomy with decompression of nerve roots and interbody fusion as well as carpal tunnel surgery, both of which she claims are related to the accident on which this lawsuit is based. The defendants also established that plaintiff Angela Nicholson has incurred medical bills exceeding $90,000, which she contends are related to the subject accident. Accordingly, the undersigned finds that, with regard to plaintiff Angela Nicholson, the amount in controversy exceeds the jurisdictional minimum.

The defendants further established that, with regard to plaintiff Kirk Johnson, the amount in controversy is far less than the $75,000 necessary for jurisdiction under 28 U.S.C. § 1332. Mr. Johnson has been treated on a few occasions since the

---

[2] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

accident and has incurred medical bills of approximately $800.00. Therefore, the undersigned finds that the amount-in-controversy requirement is not met with regard to plaintiff Kirk Johnson.

However, the United States Supreme Court has held that only one plaintiff's claims must satisfy the amount in controversy requirement in order to confer original jurisdiction over the claims of all plaintiffs in the case. In *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005), the Court held that "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [ 28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs . . . even if those claims are for less than the jurisdictional amount. . . ."

Accordingly, the undersigned finds that the parties to this lawsuit are diverse in citizenship, the defendants have satisfied their burdening of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold with regard to plaintiff Angela Nicholson, and the Court has supplemental jurisdiction over the claims asserted by plaintiff Kirk Johnson.

Signed at Lafayette, Louisiana, this 3rd day of April 2012.